IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANN P. WILSON,                              )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )      CIVIL ACTION NO. 09-00490-CG-N
                                            )
MARY D. BROWN,                              )
                                            )
            Defendant.                      )

## REPORT AND RECOMMENDATION

This action is before the Court on a motion to dismiss (docs. 10-12) filed by the

defendant, Mary D. Brown, which is predicated upon this Court's lack of personal

jurisdiction over the defendant and improper venue.  This matter has been referred to the

undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B).  Upon consideration of the motion, plaintiff's response in opposition

thereto (doc. 15), defendant's reply (doc. 16), and all other pertinent portions of the

record, the undersigned recommends that the motion to dismiss be granted.

I.    Procedural History

        Plaintiff filed the instant action *pro se* against the defendant alleging professional

malpractice in connection with defendant's representation of plaintiff in a divorce action

filed by plaintiff's ex-husband in Utah. (Doc. 1).   Plaintiff contends that she hired the

defendant "to petition the court for separate maintenance spousal support." (Doc. 1 at 4).

Plaintiff asserts that defendant "failed to use the legal tools that would have uncovered

hidden assets and income" and thus breached her "duty to reach a fair and adequate

Settlement Agreement." (*Id*. at 5). Plaintiff contends that, if the defendant had acted competently, she would have been awarded: "1. a life insurance policy naming me as beneficiary[;] 2. an equitable share of the retirement funds[;] 3. health insurance[; and] 4. $1,500.00 in monthly support." (*Id.* at ??)

Defendant seeks dismissal of the complaint on the grounds that the Court lacks personal jurisdiction and improper venue. (Docs. 10-11). Defendant states that she is a resident of the State of Utah who neither resides nor does business in Alabama and has had no purposeful contacts with Alabama. (Doc. 11 at ¶¶ 3-4). Defendant maintains that "[a]ll of the acts complained of in Plaintiff's Complaint occurred in Utah." (*Id*. at ¶ 4). Defendant further contends that she "did not purposefully direct her activities to Alabama and Plaintiff's claim arose from Plaintiff's settlement of a divorce action in the State of Utah." (*Id*. at ¶ 7). According to the defendant, she has "never been to Alabama"; "does not now nor has [she] ever practiced law in Alabama"; "is not licensed in Alabama"; "has never entered into a contract to be performed in Alabama"; "has never provided any service in Alabama"; "has never paid any taxes in Alabama"; "does not own, rent, purchase or lease any real or personal property in Alabama"; "has never had an agent for service of process in Alabama"; "does not now nor has she ever maintained a telephone, facsimile machine or address in Alabama"; "has no assets in Alabama"; "has no employees or agents that conduct business in Alabama"; "has never solicited business in Alabama, nor has any agent of hers done so"; "has never applied for a loan in Alabama not acted as a guarantor or cosigner on a loan in Alabama"; "has never maintained any

records, bank accounts, payroll records, books of account, and/or any other business record in Alabama"; "has never initiated litigation in Alabama"; and "has never derived any revenue from Alabama." (*Id*. at ¶ 8).

On December 8, 2009, the Court entered an order directing that any response to the motion to dismiss be filed by December 22, 2009. (Doc. 14). Plaintiff filed a Response (doc. 15) on December 22, 2009, and essentially argues that she has made a "prima facie showing" of diversity of citizenship because "Plaintiff resides in Alabama [and] Defendant resides in Utah." Defendant filed a reply (Doc. 16) on January 4, 2010, which merely points out that the plaintiff has not asserted in her response either that the defendant resides in Alabama or that she conducts business in any way in Alabama.

II.    In Personam Jurisdiction

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." Meier v. Sun International Hotels, Ltd., 288 F.3d 1264, 1268 (11th Cir. 2002). "Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction." Future Technology Today, Inc., v. OSF Healthcare Systems, Inc., 218 F.3d 1247, 1249 (11th Cir. 2000). "A federal court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits...." Meier, 288 F.3d at 1269.

In determining whether it can exercise personal jurisdiction over a non-resident defendant, district courts follow a two-pronged analysis. *See*, Madara v. Hill, 916 F.2d 1510, 1514 (11th Cir. 1990). Initially, the court must determine whether the state's long

arm statute applies and provides personal jurisdiction over the defendant. Rule 4.2 of the Alabama Rules of Civil Procedure sets forth specific "requirements for [the exercise of] personal jurisdiction over a nonresident defendant." Murray v. Alfab, Inc., 601 So.2d 878, 883 (Ala.1992); Ala. R. Civ. P. 4(a)(2). In personam jurisdiction in this action, then, is predicated upon Alabama long-arm statute, which provides, in part:

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States ...

Ala. R. Civ. P. 4.2(b) (Effective August 1, 2004)[1].

In Alabama, courts are permitted to exercise personal jurisdiction over nonresidents "to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1355-56 (11th Cir. 2000)(*citing* Ala.R.Civ.P. 4.2(a)(2)(I)); Exparte Paul Maclean Land Services, Inc., 613 So. 2d 1284, 1286 (Ala. 1993)(holding that the Alabama long arm statute "extends to the permissible limits of due process").

Next, the court must look to determine whether the defendant has "sufficient minimum contacts" with "the forum state" such that the requirements of the Due Process Clause of the Fourteenth Amendment are met. Madara, 916 F.2d at 1514; Meier, 288

---

[1] The new Rule eliminated the previous laundry list of sufficient contacts on the basis that it was no longer necessary because the new Rule 4.2(b) explained when an appropriate basis for out-of-state service of process exists.

F.3d at 1274, *citing* International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(Due

process standards require that a nonresident defendant "have certain minimum contacts

with the forum so that the exercise of jurisdiction does not offend traditional notions of

fair play and substantial justice.") The Eleventh Circuit has held that this second prong is

satisfied if it is shown that the defendant had sufficient minimum contacts with the forum

state, and that the suit would not "offend traditional notions of fair play and substantial

justice." Madara, 916 F.2d at 1515-1516.

Jurisdiction may be either general or specific. *See* Ex parte Barton, 976 So. 2d

438, 443( Ala. 2007) ("Depending on the quality and quantity of the contacts jurisdiction

may be either general or specific..."). "General jurisdiction applies where a defendant's

activities in the forum state are 'substantial' or 'continuous and systematic,' regardless of

whether those activities gave rise to the lawsuit.... A court has specific jurisdiction when a

defendant has had few contacts with the forum state, but those contacts gave rise to the

lawsuit." Leventhal v. Harrelson, 723 So.2d 566, 569 (Ala.1998). Regardless of whether

jurisdiction is alleged to be general or specific, the nexus between the defendant and the

forum state must arise out of " 'an action of the defendant [that was] purposefully directed

toward the forum State.' " Elliott v. Van Kleef, 830 So.2d 726, 731 (Ala. 2002), *quoting*

Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112 (1987). "This

purposeful-availment requirement assures that a defendant will not be haled into a

jurisdiction as a result of ' "the unilateral activity of another person or a third person." ' "

Elliott, 830 So.2d at 731, *quoting* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475

(1985)).

While "[a] physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident," Sieber v. Campbell, 810 So.2d 641, 644 (Ala.2001) the defendant must have sufficient contacts with Alabama that it " 'should reasonably anticipate being haled into court [here].' " Dillon Equities v. Palmer & Cay, Inc.,501 So.2d 459, 462 (Ala.1986) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). While merely entering into a contract with a party does not provide sufficient minimum contacts to allow the party to bring a lawsuit in the party's home state, "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing'" are considered when determining whether jurisdiction should be exercised. Burger King Corp., v. Rudzewicz, 471 U.S. at 479.

In support of the motion to dismiss, defendant states that she has never practiced law in Alabama, is not licensed to practice in Alabama, has never done business or had any purposeful contacts with Alabama, has never had either an agent or employee in Alabama or maintained a telephone, facsimile machine or address in Alabama. (Doc. 11 at ¶¶ 3, 7, 8). Defendant further states that she has never entered into any contract to be performed in Alabama, has never provided any service in Alabama or derived any revenue from Alabama. (*Id*. at ¶ 8). Defendant further states that she has never advertised or solicited business in Alabama, and in fact has never even been to Alabama. (*Id*.) According to the defendant, "[a]ll the acts complained of in Plaintiff's Complaint

occurred in Utah." (*Id*. at ¶ 4).

    In opposition to defendant's motion, plaintiff merely argues that she has made a "prima facie showing" of diversity jurisdiction because "Plaintiff resides in Alabama [and] Defendant resides in Utah." (Doc. 15 at 1-2). Plaintiff did not, however, reside in Alabama at the time she employed the defendant to represent her in Utah. According to the "Complaint For Separate Maintenance" which she attached to her Response as Exhibit 3, plaintiff was "a bona fide resident of Salt Lake County, State of Utah" at the time she hired the defendant. (Doc. 15-3 at 2). Plaintiff concedes that she hired the defendant on July 16, 2005 and that she did not move from Salt Lake City, Utah, to Alabama until September 3, 2008. (Doc. 15-4 at 3). Plaintiff further concedes that she had planned to file this lawsuit in Utah but the illness of her daughter forced her to move before she could file suit (*Id*. at 4), thus confirming that all the acts at issue in this litigation occurred in Utah as alleged by the defendant. Significantly, plaintiff does not dispute that the defendant has never been to Alabama, has never practiced law or provided any other services or even solicited any business in Alabama, and has never maintained an office, telephone, or any agent or employee in Alabama. Plaintiff has failed to even allege that the defendant purposefully directed any activity whatsoever to Alabama or had any contact of any sort with Alabama.

    Plaintiff has not met her burden of proving the existence of personal jurisdiction over this defendant. The fact that defendant resides in Utah while plaintiff now resides in Alabama is insufficient to confer jurisdiction. The fact that defendant entered into an

agreement with plaintiff when she was a resident of Utah to perform services for the plaintiff in Utah does not confer jurisdiction.[2]  "The mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required." Sawtelle v. Farrell, 70 F.3d 1381, 1392 (1st Cir.1995);  Porter v. Berall, 142 F.Supp.2d 1145 (W.D.Mo.2001),  *aff'd,* 293 F.3d 1073 (8th Cir. 2002); Elliott v. Van Kleef, *supra.*  This action should, therefore, be dismissed for lack of personal jurisdiction over the defendant.

III.    Improper Venue.

Defendant also predicates her motion to dismiss this professional malpractice action on improper venue. The venue statute, 28 U.S.C. §1391, provides that:

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action otherwise may be brought.

28 U.S.C. § 1391(a).  In this case, defendant is a citizen of the State of Utah.  In addition, it appears that "all" of the events giving rise to this litigation occurred in Utah.  Therefore, venue is improper in the Southern District of Alabama.  Consequently, this action should

---

[2]  As stated above, the litigation for which defendant was retained occurred in Utah, not in Alabama.

also be dismissed for improper venue.[3]

CONCLUSION

For the reasons set forth herein above, it is the recommendation of the undersigned Magistrate Judge that defendant's motion to dismiss be **GRANTED.**

The attached sheet contains important information regarding objections to this recommendation.

**Done** this 20<u>th</u> day of January, 2010.

/s/ Katherine P. Nelson<br>**KATHERINE P. NELSON**<br>**UNITED STATES MAGISTRATE JUDGE**

---

[3]Neither party has requested that this action be transferred pursuant to 28 U.S.C. § 1404(a).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of <u>court.  Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc)</u>.  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recomme<u>ndation should be reviewed de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      **Done** this <u>20th</u> day of January, 2010.

/s/ Katherine P. Nelson          <br>
UNITED STATES MAGISTRATE JUDGE