IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANN P. WILSON, | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 09-0490-CG-N |
| MARY D. BROWN, | ) |
| **Defendant.** | ) |

## AMENDED ORDER

This matter is before the court on the report and recommendation of the Magistrate Judge that defendant's motion to dismiss for lack of personal jurisdiction should be granted (Doc. 17) and the objection of petitioner to the report and recommendation (Doc. 20). On February 8, 2010, this court entered an order, adopting the Magistrate's report and recommendation, which mistakenly stated that no objection had been filed. (Doc. 18). That order was entered in error as plaintiff did in fact file an objection in the court's after-hours box. Accordingly, the court's order of February 8, 2010 and the accompanying Judgement (Doc. 19) are hereby **STRICKEN**.

After a thorough review of plaintiff's objection, the court still finds that defendant's motion to dismiss is due to be granted and that the case should be dismissed for lack of personal jurisdiction over the defendant.

The complaint indicates that plaintiff hired the defendant, an attorney with an office in Salt Lake City, Utah, to represent the plaintiff in her divorce case. (Doc. 1). Plaintiff's complaint seeks damages for the defendant's professional malpractice. However, defendant states that she is a resident of the State of Utah who does not do business in Alabama and has no

1

purposeful contacts with Alabama. Additionally, "[a]ll of the acts complained of in Plaintiff's Complaint occurred in Utah." (Doc. 11, ¶¶ 3-4).

The Due Process Clause protects one's liberty interests by shielding the individual from binding judgments in a forum with which she has established no meaningful contacts, ties or relations. The nature and quality of the contacts varies depending on whether the type of jurisdiction being asserted is general or specific. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000). General jurisdiction exists whenever the defendant's connection with the forum state is "continuous and systematic"--there need be no nexus between the forum and the litigation. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984). On the other hand, a court can assert specific jurisdiction over a person with a more attenuated connection to the forum when there is a sufficient nexus between the forum and the matter at issue. Id. at 414, n. 8.

This court clearly does not have general jurisdiction over defendant. The defendant does not have a continuous and systematic connection with Alabama. For specific jurisdiction to apply, "[t]he nonresident defendant's contacts with the forum must be such that [s]he has 'fair warning' that a particular activity may subject [her] to the jurisdiction of a foreign sovereign." Ruiz de Molina v. Merritt & Furman Insurance Agency, Inc., 207 F.3d 1351, 1356 (11th Cir. 2000) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). "A person has fair warning if [s]he 'purposefully directs' [her] activities at the forum, and claims of injury result from these activities." Id. To constitute minimum contacts for purposes of specific jurisdiction, a defendant's contacts with the applicable forum must satisfy three criteria: first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must

involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum.  See Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1993), cert. denied, 508 U.S. 907 (1993).  There is no evidence that the defendant has any contact with the State of Alabama, other than the fact that plaintiff, who was defendant's former client, moved to Alabama some time after the events that gave rise to this suit occurred.

Plaintiff's objection contends that the allegations in her complaint should be taken as true unless the defendant can show otherwise.  The complaint states that "[t]his court has personal and subject matter jurisdiction over the parties." (Doc. 1, p. 2).  However, the defendant has shown otherwise.  Defendant presented evidence concerning her contacts with Alabama, or lack thereof, and plaintiff has not disputed those facts.  The complaint contains no factual allegations that would support plaintiff's conclusion that this court has personal jurisdiction over the defendant and plaintiff submitted no evidence that defendant has any contact with the forum state.  The evidence clearly demonstrates that defendant has no contacts and, therefore, that this court does not have personal jurisdiction over the defendant.

Plaintiff's objection also discusses the merits of her case against the defendant.  Plaintiff concludes that the facts of the case "establish a prima facie demonstration that personal jurisdiction is warranted by the circumstances." (Doc. 20, p. 11).  However, plaintiff does not discuss the facts applicable to an analysis of whether this court has personal jurisdiction over the defendant.  Plaintiff does not discuss any facts concerning the defendant's contacts with the State of Alabama.  If this court does not have personal jurisdiction over the defendant, then this court

does not have jurisdiction to determine whether plaintiff's claims against the defendant have merit. This finding of no personal jurisdiction does not address the merits of the lawsuit at all.

Plaintiff also contends that proper venue is not necessary for a valid judgment. However, it is jurisdiction, not venue, at issue here. Federal courts only have the power to hear and determine cases over which Congress has granted them jurisdiction. "The concept of venue, on the other hand, is concerned not with the constitutional authority of a court to bind parties to a judgment, but with the statutory propriety of the location for the adjudication of claims." AM. JUR. 2D, Federal Courts § 1141 (citation omitted). Venue "is merely intended for the convenience of the litigants and may be waived. Id. (citations omitted).

## **CONCLUSION**

.	After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court and defendant's motion to dismiss (Doc. 10) is hereby **GRANTED**.

**DONE and ORDERED** this 18th day of February, 2010.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE